15-4122
Weng v. Sessions

BIA
Hom, IJ
A200 283 269

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand seventeen.

PRESENT:
   GUIDO CALABRESI,
   JOSÉ A. CABRANES,
   GERARD E. LYNCH,
    *Circuit Judges.*

_____

MEI HUA WENG,
   *Petitioner*,

  v.          15-4122
              NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
   *Respondent*.

_____

FOR PETITIONER:   Michael Brown, New York, NY.

FOR RESPONDENT:   Benjamin C. Mizer, Principal Deputy Attorney General; Linda S. Wernery, Assistant Director; Matthew M. Downer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Hua Weng, a native and citizen of the People's Republic of China, seeks review of a December 7, 2015, decision of the BIA, affirming a June 18, 2014, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Hua Weng,* No. A200 283 269 (B.I.A. Dec. 7, 2015), *aff'g* No. A200 283 269 (Immig. Ct. N.Y. City June 18, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4); *Chuilu Liu v. Holder*, 575 F.3d 193, 194, 196 (2d Cir. 2009); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000).

In assessing whether an applicant meets her burden of proof, the agency "may weigh the credible testimony along

with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). The agency may require corroboration despite otherwise credible testimony, and deny an application based on the failure to provide such corroboration, if the corroborating evidence is reasonably available. *Id.*; *Yan Juan Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the IJ generally must, either in his decision or otherwise on the record, (1) identify the missing evidence, and explain why it was reasonably available, and (2) provide an opportunity for the applicant to explain the omission and assess any explanation given. *Chuilu Liu*, 575 F.3d at 197-99. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

The record does not compel a conclusion that the evidence the IJ sought—medical records of Weng's alleged third pregnancy, documentation of the family planning policy pertaining to her locality in China, and records of

3

her husband's arrest and detention—was not reasonably available. *Id.* Weng conceded at the hearing that she made no effort to obtain any of the above-mentioned evidence, and she did not state that the evidence was unavailable. *Chuilu Liu*, 575 F.3d at 197-98; *see also* 8 U.S.C. § 1252(b)(4); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 148, 156-57, 165, 170 (2d Cir. 2008) (noting that applicants must demonstrate that their violation of the family planning policy would be punished in their local area in a way that would give rise to an objectively reasonably fear of persecution).

The agency also reasonably afforded diminished weight to the evidence Weng produced. "We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The letter from her village committee in China was handwritten, unsigned by any official, and unauthenticated (either officially or through a letter from Weng's mother to explain how and from whom the letter was obtained), and her husband's letter was unsworn, came from an interested witness not available for cross-examination, and was written for purposes of the asylum application. *See Matter of H-L-H-*

4

*& Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (agency can give little weight to document drafted by interested witness not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Weng's failure to corroborate her alleged violation of China's coercive family planning policy is dispositive of asylum, withholding of removal, and CAT relief because her claims to all three forms of relief were based on the same facts: a forced abortion and the accompanying fear of sterilization. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5